UNITED STATES DISTRICT COURT           06 Civ. 0694 (PKC)

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPON EXPRESS U.S.A. (ILLINOIS), INC.,<br>                    Plaintiff,<br>        - against -<br>M/V CHIANG JIANG BRIDGE et ano.,<br>                    Defendants. | DEFENDANT, YANGMING MARINE TRANSPORT CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS AGAINST IT ON GROUND OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION AGREEMENT |

INTRODUCTION

This memorandum of law is submitted on behalf of defendant, YANGMING MARINE TRANSPORT CORP. ("YML"), in support of its motion to dismiss the claims against it on the ground of a mandatory and exclusive forum selection agreement.

NATURE OF THE CASE

Plaintiff sues under 28 U.S.C. 1333 and 1337(a) for indemnity or contribution from defendants in respect of any liability plaintiff may have to its nonparty customer for damage to certain cargo carried by sea from the U.S. to Japan. *See, YML's Mov. Exhibit A*.

In its complaint, plaintiff alleges that:

1

1. It is a non-vessel operating common carrier ("NVOCC"). [1]   *YML's Mov. Exhibit A, para. 2.*

2. In September of 2004, plaintiff agreed with one of its shipper/customers to carry a shipment of 5 containers of printing equipment from Oakland, California to Tokyo, Japan. *YML's Mov. Exhibit A, para. 4.*

3. Plaintiff, in turn, hired defendant, YML, an ocean common carrier, to perform the actual carriage. *Id. at paras. 3 and 5.*

4. Defendant, YML, issued its bill of lading [2] to plaintiff covering the shipment. *Id. at paras. 3 and 6.*

5. Defendant, YML's carriage of the shipment was in consideration of certain freight charges paid or agreed to be paid to it. *Id. at para. 7.*

6. The shipment arrived in Japan damaged, and plaintiff's customer claimed against plaintiff for damages in excess of $500,000. *Id. at paras. 8 - 9.*

7. YML's liability is based on a theory of breach of contract – the contract breached being the YML bill of lading. *Id. at paras. 6, 15, 17 and 20.*

8. YML's liability is also based on negligence; failure to perform its duties in a proper, careful, and workmanlike manner; breach of its tariffs and applicable law. *Id.. at paras. 13, 17, and 20.*

---

1. A non-vessel operating common carrier is a middleman which typically arranges for ocean carriage via one or more vessel operating common carriers. NVOCCs do not own or charter the vessels that do the actual carrying. *I.N.A. v. S/S AM. ARGOSY,* 732 F.2d 299, 301 (2d Cir. 1984).

2. A "Bill of Lading" is the contract of carriage for the common carriage of goods by sea. *Thypin Steel Co. v. Asoma Corp.,* 215 F.3d 273, 275 (2d Cir. 2000).

2

BASIS FOR THE FORUM MOTION

Defendant, YML's answer to the complaint pleads the existence of a mandatory London forum selection clause in the YML bill of lading plaintiff sues on. *YML's Mov. Exhibit B, para. 26.* That clause reads as follows:

> Except as otherwise specifically provided herein any claim or dispute arising under this Bill of Lading shall be governed by the laws of England and determined in English Courts sitting in the City of London to the exclusion of the jurisdiction of the courts of any other place. … .

*YML's Mov. Exhibit C, cl. 26.*

STATUS OF THE CASE

The Court's docket sheet indicates that this action was filed on January 30, 2006. After an initial adjournment of the first pretrial conference, it was placed on the suspense calendar at plaintiff's request on May 23, 2006. Eleven months later, on April 26, 2007, it was restored to the active calendar.

No other motions or discovery proceedings have been had. At the May 11, 2007 initial conference, all discovery and other motions (including plaintiff's motion to substitute, and YML's alternative motion to transfer venue) were stayed pending disposition of this motion.

ARGUMENT

1. THE CHOICE OF FORUM IS MANDATORY AND EXCLUSIVE: The YML bill of lading choice of forum provision is mandatory. It says that actions "*shall* … be determined in English courts sitting in the City of London." [Emphasis added.] *See, page supra.* The word "shall" carries a meaning that is imperative and mandatory. BLACK'S LAW DICTIONARY, p. 1375 (6th ed. 1991). See, e.g., *Talatala v. Nippon Yusen Kaisha Corp.,* 974 F.Supp. 1321, 1325 (D.Haw. 1997); *LPR, SrL v. Challenger Overseas, LLC,* 2000 A.M.C. 2887, 2889 - 90 (S.D.N.Y.). The YML forum clause is also exclusive. It says that the choice of the London courts is "to the exclusion of the jurisdiction of the courts of any other place." *See, page 3, supra*.

2. PLAINTIFF'S CLAIMS ARISE UNDER THE BILL OF LADING: The YML forum clause [*see, page 3, supra*] applies to "any claim or dispute arising under this Bill of Lading." Plaintiff's claims admittedly arise under the Bill of Lading in that plaintiff pleads the existence and breach of the YML bill in its complaint. *See, page 2, supra, at items 1 – 8.*
:

3. THE CLAUSE APPLIES TO THE NON-CONTRACT THEORIES OF RECOVERY: Plaintiff cannot avoid the YML forum clause by pleading alternative theories sounding in tort rather than contract. *Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir.) cert. den. 510 U.S. 945 (1993); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.,* 709 F.2d 190, 203 (3d Cir.) cert. den. 464 U.S. 938 (1983); *Kelso Enterprises, Ltd. v. M/V Wisida Frost,* 8

F.Supp.2d 1197, 1206 - 07 (C.D.Cal. 1998)\;  *Challenger,* supra, 2000 A.M.C. at 2889 – 90; *Bison Pulp & Paper Ltd. v. M/V PERGAMOS,* 1996 A.M.C. 2022, 2041 (S.D.N.Y. 1995).

4.   THE CLAUSE IS PRESUMPTIVELY VALID:   The YML bill of lading choice of forum provision is presumptively valid and may be overcome only upon a factual showing (1) of fraud or overreach, (2) that litigation in the chosen forum is so gravely inconvenient that for all practical purposes the party opposing the motion will for all practical purposes be denied its day in court, (3) that fundamental unfairness of the selected forum may deprive a plaintiff of a remedy; or (4) the clause contravenes a strong public policy of the forum state.  See, e.g., *Challenger,* supra, 2000 A.M.C. at 2890.  None of those factors is present here in that:

(a)   Plaintiff's complaint does not allege anything fraudulent as required by F.R.Civ.P. 9(b).  *See, YML Mov. Exhibit A.*

(b)   Since plaintiff is suing on the contract, [*see page 2, items 1 - 6, above*], it cannot argue overreach.  See, *Mitsui & Co. v. MIRA M/V,* 111 F.3d 33, 36 (5th Cir. 1997) (Party that sues on bill of lading accepts its terms); *Kanematsu Corp. v. M/V Gretchen W,* 897 F.Supp. 1314, 1317 (D.Or.1995) (Same).

(c)   There is no reason to consider London a gravely inconvenient or fundamentally unfair forum since London forum clauses have been enforced.  See, e.g., *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17 (1972) (London forum provides a neutral forum experienced and capable in the resolution of admiralty litigation).

(d) Bill of lading choice of forum clauses, in general, contravene no strong U.S. public policy. To the contrary, their enforcement is favored. See, *Vimar Seguros y Reaseguros, S.A. v. M.V. SKY REEFER,* 515 U.S. 528 (1995).

(e) The specific YML bill of lading forum clause at issue contravenes no strong U.S. public policy since it provides that the U.S. Carriage of Goods by Sea Act applies to all shipments to or from the U.S.[3] *YML's Mov. Exhibit C, cl. 7(A)(2).* English law supplements U.S. COGSA and applies to any issues that COGSA does reach. See, *Technique Int'l de Cie. D'Assurances Mar. et Trnsp. v. Cast Europe (1983), Ltd.,* 662 F.Supp. 1443, 1446 (N.D.Ill. 1987).

5. LONDON FORUM CLAUSE NOT OVERRIDDEN BY COGSA CHOICE OF LAW PROVISION. In its position letter submitted in advance of the initial / pre-motion conference, plaintiff took the position that the London forum selection provision does not apply because the governing law will be COGSA and not the laws of England. We disagree for several reasons.

---

3   Clause 7(A)(2) of the YML bill of lading provides, "Notwithstanding anything contained in the preceding provision, in the event that this Bill of Lading covers shipments to or from the United States, than [*sic*] the Carriage of Goods by Sea Act of the United States ("COGSA") shall be compulsorily applicable … ."

(a) According to the YML bill of lading forum clause, English law applies "[e]xcept as otherwise *specifically* provided herein." *YML's Mov. Exhibiti C, cl. 16 [Emphasis added.]* That does not mean that COGSA displaces English law in its entirety. It displaces only those portions of English law, if any, which might irreconcilably conflict with it. See, *Cast Europe,* supra, 662 F.Supp. at 1446; see also, *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 558 (2d Cir. 2000) (Contract interpretation giving reasonable and effective meaning to all terms is preferable to one leaving portion useless).

(b) Moreover, there is nothing in the YML bill that "specifically" says that the London forum shall not apply if U.S. COGSA does.

(c) There is no reason why an English court cannot apply U.S. COGSA. The English cargo liability regime is an international convention that goes by the popular name Hague-Visby Rules. *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers Ltd.,* 190 F.3d 64, 70 (2d Cir. 1999). The COGSA statute is substantially identical in its wording to the Hague-Visby Rules which Judge Preska has described as the "fraternal equivalent" of U.S. COGSA. *Reed & Barton v. M.V. Tokio Exp.,* 1999 WL 92608, *3 (S.D.N.Y.) app. dism'd 210 F.3d 355 (2d Cir. 2000) (No showing that Hague-Visby Rules reduce carrier's obligations below what U.S. COGSA guarantees); see also, *Bominflot, Inc. v. The M/V HENRICH*

*S,* 465 F.3d 144, 149 (4th Cir. 2006) (Plenty of reasons to issue forum selection exception unconnected with choice of law concerns).

6.   ENGLAND'S ALLEGED LACK OF IN-REM REMEDIES IS IRRELEVANT. In its position letter submitted in advance of the initial conference, plaintiff also took the position that the absence of in-rem remedies in England means that, if this action were dismissed, plaintiff would simply have to reopen the case here in New York. However, defendant, YML, has not appeared on the vessel's behalf and is not moving to dismiss the in-rem claims against the vessel. The only claims sought to be dismissed are the in-personam claims against defendant, YML. See, *Int'l Marine U/Ws CU v. M/V Kasif Kalkavan,* 989 F.Upp. 498, 499 – 500 (S.D.N.Y.) (Enforcing forum clause as to in-personam claims, but dismissing in-rem claims against unarrested, non-appearing vessel where plaintiff could not show that the ship would be coming within the district).

## CONCLUSION

The motion should be granted.

| | | |
|---|---|---|
| Dated: | New York, NY | *Respectfully submitted,* |
| | May 18, 2007 | CICHANOWICZ CALLAN KEANE VENGROW & TEXTOR, LLP, 61 Broadway, Ste. 3000<br>New York, NY 10006 – Tel. 212-344-7042 |

By: /s/_____Paul M. Keane_____
   Paul M. Keane [PK-5934]
Attorneys for Defendant,
YANGMING MARINE TRANSPORT CORP.