DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TM 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff Nippon Express
U.S.A. (Illinois), Inc.*

FILED
JAN 30 2006
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
NIPPON EXPRESS U.S.A. (ILLINOIS), INC., :

    *Plaintiff,* :

  - against - :

M/V CHANG JIANG BRIDGE and YANG :
MING MARINE TRANSPORT
CORPORATION, :

    *Defendant.*
---------------------------------x

'06 CIV 00694

06 Civ.

JUDGE CASTEL

**COMPLAINT**

  Plaintiff, Nippon Express U.S.A. (Illinois), Inc., by its attorneys, Maloof Browne & Eagan LLC, as and for its Complaint alleges upon information and belief:

  1. All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a), and under 28 U.S.C. §1333, and arising under Rule 9(h) within the admiralty and maritime jurisdiction of this Honorable Court, as well as claims arising under federal common law.

  2. At all material times hereto, Plaintiff Nippon Express U.S.A. (Illinois), Inc. (hereinafter "Nippon Express") is and was a corporation organized and existing under the laws of the State of Illinois, and was engaged in the business as a non-vessel operating common carrier of goods for hire.

3. At all material times hereto, Defendants M/V Chang Jiang Bridge ("Vessel") and Yang Ming Marine Transport Corporation ("Yang Ming") are and were corporations or other entities organized and existing under the laws of a foreign country, do business in this District, and were and now are engaged in business as common carriers of merchandise by water for hire, and issued one or more bills of lading pertaining to common carriage of merchandise carried for hire between Oakland, California and Tokyo, Japan.

4. On or about September 26, 2004, Nippon Express issued Waybill No. SFTY469775 for the carriage of five containers from Oakland, California to Tokyo, Japan (hereinafter the "Shipment"). The Waybill described the cargo as "Printer Parts (Defective Return"), and listed Canon USA Inc. as the shipper, and Canon, Inc. as the consignee.

5. Nippon Express hired Defendant Yang Ming to perform the carriage of the Shipment from Oakland to Tokyo.

6. On or about September 25, 2004, Yang Ming issued its Bill of Lading YMLUW160067969 for the carriage of the Shipment from Oakland, California to Tokyo, Japan, which named Nippon Express as the "shipper".

7. On or about September 25, 2004, the Shipment was delivered to Yang Ming in Oakland, California. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Yang Ming further agreed to transport and carry said Shipment to Tokyo, Japan, and there deliver the Shipment, in like order and condition as when received, to Nippon Express or its designee.

8. Thereafter the said Vessel arrived at the port of destination, and thereafter and the Defendants made delivery of the said Shipment. Canon advises the Shipment arrived not in the same order and condition as when shipped, delivered to and received by Defendants, but on the

contrary, seriously injured and impaired in value.

9. Canon and/or its insurers have advised Nippon Express that it holds Nippon Express responsible for the alleged damage to the Shipment and has made demand on Nippon Express in excess of $500,000.

10. As a result of the foregoing, Nippon Express has incurred expenses, including legal fees, and has or will or may in the future incur other liabilities in connection with the alleged loss.

11. Plaintiff Nippon Express is not liable to Canon and/or its insurer and/or others as their interests may appear for the alleged damage under the terms of the applicable bills of lading, contracts of carriage, tariffs, and applicable law.

12. In the alternative, if Plaintiff is found to be liable to Canon and/or its insurer and/or others as their interests may appear, its liability is limited under the terms of the applicable bills of lading, contracts of carriage, tariffs, rail circulars, and applicable law.

13. If Plaintiff is found liable to Canon and/or its insurer and/or others as their interests may appear, such alleged loss has resulted from breach of contract and negligence on the part of Yang Ming and the Vessel to perform their duties in a proper, careful and workmanlike manner, and breach of their duties as a carrier under the terms of the applicable bills of lading, contracts of carriage, tariffs, and/or applicable law.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND OTHER LEGAL DUTIES

14. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 13 above.

15. The Shipment was placed in the care, custody and control of the Defendants in Oakland, California, pursuant to certain contracts, both express and implied between Nippon Express Co. U.S.A. (Illinois) Inc. and the Defendants including Bill of Lading YMLVW160667969

16. The owner and/or insurer of the Shipment has made claim on Nippon Express in excess of $500,000 on account of the alleged damage.

17. If the Shipment sustained any damage or non-delivery, which is denied, it resulted from the breach of contract on the part of the Defendants to perform their duties in a proper, careful and workmanlike manner, and breach of its duties as a carrier under the terms of the bill of lading, and applicable contracts and statutes.

18. As a result of the foregoing, if any liability is found against Nippon Express, then Nippon Express is entitled to indemnity and/or contribution, together with the costs and disbursements of this action and reasonable attorney's fees and costs from the Defendant.

**SECOND CAUSE OF ACTION:
INDEMNITY AND CONTRIBUTION**

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1 – 18 above.

20. If the Shipment was lost or damaged, which is specifically denied, then the loss or damage was proximately caused by the fault, omission, negligence, breach of contract, breach of implied warranty of workmanlike performance, and/or breach of bailment of Defendants and/or their agents or sub-contractors and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of Plaintiff.

21. If Canon and/or its insurer and/or others as their interests may appear are entitled to recover against Nippon Express, then Nippon Express is entitled to indemnity or contribution from Defendants for all or a proportionate amount of such sums, if any, so recovered, together with expenses, including attorneys' fees, costs and interest, in defending against any action or claim against Nippon Express.

22. That if Canon and/or its insurer and/or others as their interests may appear, are not entitled to recover against Nippon Express, then Nippon Express is entitled to recover indemnity or contribution from Defendants for all expenses including attorneys' fees, costs and interest which Plaintiff expends.

WHEREFORE, Nippon Express requests an order and relief from this Court as follows:

1. That process in due form of law may issue against each of the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if said Defendants cannot be found within this District, then all their property within this District be attached in a sum estimated to be or exceed U.S. $500,000, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York
January 30, 2006

MALOOF BROWNE & EAGAN LLC

By: *(signature)*

David T. Maloof (DM 3350)
Thomas M. Eagan (TM 1713)
411 Theodore Fremd Avenue – Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiff*
*Nippon Express U.S.A. (Illinois), Inc.*

\\SERVER1\Company\WP-DOCS\1412.37\012706 Complaint.doc