8740/PMK

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042
*Attorneys for Defendant*
YANG MING MARINE TRANSPORT CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPON EXPRESS U.S.A. (ILLINOIS), INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>M/V CHANG JIANG BRIDGE and<br>YANG MING MARINE TRANSPORT<br>CORPORATION,<br>　　　　　　　　　　Defendants. | 06 CV 00694 (PKC)<br><br>ECF CASE<br><br>**ANSWER** |

　　　　Defendant, YANG MING MARINE TRANSPORT CORPORATION (hereinafter referred to as "YANG MING"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers plaintiff's, NIPPON EXPRESS U.S.A. (ILLINOIS), INC. (hereinafter referred to as "plaintiff"), Complaint with civil number 06 CV 00694 upon information and belief as follows:

　　　　1.　　Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "1" of plaintiff's complaint.

　　　　2.　　Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "2" of plaintiff's complaint.

3. Admits that YANG MING, a corporation organized under the laws of a foreign sovereign, with an office located at 525 Washington Blvd., 25th Floor, Newport Office Tower, Jersey City, New Jersey 07310, is engaged in business as an ocean common carrier as defined by the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998, but, except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "3" of plaintiff's complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of plaintiff's complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "5" of plaintiff's complaint.

6. Admits that on or about September 25, 2004, YANG MING issued Bill of Lading YMLUW160067969 to plaintiff with respect to five containers, which were carried on board the M/V CHANG JIANG BRIDGE, Voyage 32W, from Oakland, California to Tokyo, Japan, but, except as so specifically admitted, denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "6" of plaintiff's complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of plaintiff's complaint.

8. Admits that the M/V CHANG JIANG BRIDGE arrived at the port of destination, and YANG MING made delivery of the five containers covered by B/L YMLUW160067969, but, except as so specifically admitted, denies all of the remaining allegations contained in Paragraph "8" of plaintiff's complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of plaintiff's complaint.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "10" of plaintiff's complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of plaintiff's complaint.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12" of plaintiff's complaint.

13. Denies all of the allegations contained in Paragraph "13" of plaintiff's complaint.

AS TO PLAINTIFF'S FIRST CAUSE OF ACTION:
BREACH OF CONTRACT AND OTHER LEGAL DUTIES

14. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1-13 inclusive of this answer, with the same force and effect as if herein repeated and set forth at length.

15. Admits that there was a Bill of Lading Contract with no. YMLUW160067969 between plaintiff and YANG MING, but, except as so specifically admitted, denies all of the remaining allegations contained in Paragraph "15" of plaintiff's complaint.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "16" of plaintiff's complaint.

17. Denies all of the allegations contained in Paragraph "17" of plaintiff's complaint.

18. Denies all of the allegations contained in Paragraph "18" of plaintiff's complaint.

AS TO PLAINTIFF'S SECOND CAUSE OF ACTION:
INDEMNITY AND CONTRIBUTION

19. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1-18 inclusive of this answer, with the same force and effect as if herein repeated and set forth at length.

20. Denies all of the allegations contained in Paragraph "20" of plaintiff's complaint.

21. Denies all of the allegations contained in Paragraph "21" of plaintiff's complaint.

22. Denies all of the allegations contained in Paragraph "22" of plaintiff's complaint.

## AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The shipment in question was to be carried from a U.S. port to a foreign port pursuant to a bill of lading contract and was therefore subject to all of the provisions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. (App.) 1300 et seq., approved April 16, 1936, and/or the Harter Act, and that any shortage, loss and/or damage to said shipment, which defendant YANG MING denies, was due to causes for which YANG MING is not liable nor responsible by virtue of all of the exceptions, exemptions and limitations of the aforementioned acts and the bill of lading contract.

24. Defendant YANG MING claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statutes and the bill of lading contract to the full extent as may be applicable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. The shipments which are the subject of the claims against YANG MING were subject to all the terms, conditions and exceptions contained in the applicable bill of lading (number YMLUW160067969) then and there issued, therefore for which the shippers, owners, consignees or holders of said bill of lading agreed to be bound and are bound.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. This court is an improper forum by virtue of the mandatory forum selection clause in YANG MING's bill of lading that identifies England as the exclusive venue for legal action. Yang Ming's Jurisdiction Clause (26) provides in pertinent part as follows:

> "Except as otherwise provided specifically herein any claim or dispute arising under this Sea Waybill shall be governed by the laws of England and determined in English courts sitting in the city of London to the exclusion of the jurisdiction of the courts of any other place…"

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27.     Yang Ming claims the benefit of all exceptions, exemptions and limitations contained in the Nippon Express Bill of Lading (no. SFTY469775) to the full extent as they may be applicable to it.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.     That due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29.     That plaintiff has failed to properly and fully mitigate the damages alleged in its complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30.     That if plaintiff's cargo suffered any loss or damage, which defendant YANG MING denies, then such loss or damage resulted from a cause arising without the actual fault and privity of YANG MING and without the fault or neglect of the agents or servants of YANG MING, and YANG MING is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q), and by the terms of the bill of lading.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31.     That if the goods in the suit were damaged and/or lost, which defendant YANG MING denies, the damage and/or loss was proximately caused by insufficiency of packaging or

inadequacy of marks, for which YANG MING is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(n) and (o), and by the terms of the bill of lading.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32.     That if the plaintiff's cargo was lost and/or damaged, which defendant YANG MING denies, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

33.     That if the goods in suit were damaged and/or lost, which defendant YANG MING denies, the damage and/or loss was proximately caused by an act or omission of the shipper, for which YANG MING is not liable under Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), and according to the terms of the bill of lading.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

34.     This suit is time-barred under the agreed provisions of the Bill of Lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. Sec.1303(6).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims are barred by the applicable statute of limitations and/or time-barred under the equitable doctrine of laches.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

36.     Plaintiff failed to name an indispensable party.

**WHEREFORE**, YANG MING MARINE TRANSPORT CORPORATION respectfully requests that the plaintiff's complaint brought against it be dismissed, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       March 6, 2006

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006

*Attorneys for Defendant*
YANG MING mARINE TRANSPORT
CORPORATION

By:   s/ Paul M. Keane
Paul M. Keane (PMK-5934)


TO:   MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Attorneys for Plaintiff
NIPPON EXPRESS U.S.A. (ILLINOIS), INC.

- 8 -

## CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On March 6, 2006, I served a complete copy of YANG MING's Answer to plaintiff's complaint, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Attorneys for Plaintiff
NIPPON EXPRESS U.S.A. (ILLINOIS), INC.


        s/ Irene M. Zanetos
        IRENE M. ZANETOS

DATED: March 6, 2006
     New York, New York