# YANGMING'S REPLY EXHIBIT 5

LAW OFFICES OF
# CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 BROADWAY, SUITE 3000

NEW YORK, N.Y. 10006-2802

PAUL M. KEANE
STEPHEN H. VENGROW[†]
JAMES M. TEXTOR[*]
JOSEPH F. DE MAY, JR.
RANDOLPH H. DONATELLI[#]
PATRICK MICHAEL DeCHARLES II[‡]

JESSICA A. DE VIVO[°]
IRENE M. ZANETOS[°]

[†]ALSO ADMITTED TO DISTRICT OF
COLUMBIA, MAINE & NEW JERSEY
[*]ALSO ADMITTED TO PENNSYLVANIA
[#]ALSO ADMITTED TO GEORGIA
[‡]ALSO ADMITTED TO NEW JERSEY & TEXAS
[°]ALSO ADMITTED TO NEW JERSEY

TELEPHONE: (212) 344-7042
TELEFAX: (212) 344-7285
TELEFAX: (212) 344-3988

NEW JERSEY OFFICE
75 MONTGOMERY STREET, SUITE 200
JERSEY CITY, NJ 07302
(201) 209-0960

A.J. MARINO
OF COUNSEL

BYRON KING CALLAN
(1914 - 1992)
VICTOR S. CICHANOWICZ
(1918 - 1989)

June 4, 2007

The Hon. P. Kevin Castel, U.S.D.J.
The U.S. Courthouse
500 Pearl Street 2260
New York, NY

BY HAND

RE:   Nippon Express U.S.A. (Illinois), Inc. v. M/V CHIANG JIANG BRIDGE
      06 Civ. 694 (PKC) (S.D.N.Y.)
      Our File: 8740/PMK

Your Honor:

    We are the attorneys for defendant, YANG MING, in the above captioned matter. This letter is in response to that from plaintiff's counsel dated June 1st.

    Ordinarily, we always accommodate reasonable extension requests from opposing counsel. In this case, the Court indicated at the May 11th conference that it wanted the YANG MING forum motion briefed as soon as possible. The Court was also told by plaintiff's counsel that plaintiff had no grounds for opposing the YANG MING forum motion apart from those stated in his position letter, so there did not appear to be any need for a lengthy briefing schedule. We served the YANG MING forum motion on plaintiff by mail and email on May 18th. Since then, we have accommodated plaintiff with an additional week's extension of time, as well as with production of two contracts which - given the Court's stay of discovery - we were apparently not obligated to produce.

    Nevertheless, we oppose this request because the grounds are unreasonable.

    First, the "second contract" opposing counsel refers to is what is known in the trade as a "Service Contract." Service Contracts deal with rates and volume. In other words, shippers who agree to ship a minimum quantity of cargo between specific ports during a specific contract term get rates lower than tariff freight rates. This second contract was not incorporated into the bill of

lading. As required by F.M.C. regulations, the face of the bill of lading simply identified the Service Contract No. involved. The essential terms and conditions of the Service Contract show no forum clause at all. The implications of that should not be hard to understand. Moreover, even if the Service Contract did have a forum clause, it clearly states that in the event of any conflict between the Service Contract and the bill of lading, the bill of lading would prevail. We also note that plaintiff is not suing on any issue dealing with rates, volume, or time. Rights and obligations in respect of cargo claims are dealt with by the bill of lading contract which contains the mandatory London forum clause.

Second, it is certainly open to plaintiff to base its opposition to enforcement of the forum clause on the *Gottesman* case (although this ground was omitted from its position letter), even if we think that case is greatly distinguishable from ours. We have had occasion to get opinions of British counsel for use in litigation here, and, given modern communications, have never needed 30 days to get that done where the issues are simple and clear cut as they are here. What we are afraid of is that plaintiff will come back with a declaration of British counsel which takes an "everything but the kitchen sink" approach and raises multiple conflict of laws issues which will turn out to be more ephemeral than real, but which will greatly complicate and lengthen what should be a simple motion.

Finally, the fact that the defendant vessel may be coming to the U.S. (but not to this district) is irrelevant to the YANG MING forum motion which is not being made on the vessel's behalf. There is no reason to delay resolution of the forum issue on that ground.

                            Respectfully,
                            CICHANOWICZ CALLAN KEANE VENGROW
                            & TEXTOR, LLP

                    By: _____
                                Paul M. Keane

Cc:    Maloof Browne & Eagan LLC
       Attn: David T. Maloof, Esq.
       By fax to: 914-921-1023
       By email to: Dmaloof@maloofandbrowne.com