# MEMO ENDORSED



## MALOOF BROWNE & EAGAN LLC

DAVID T. MALOOF

411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Telephone (914) 921-1200
Telecopier (914) 921-1023
E-mail: dmaloof@maloofandbrowne.com

Application granted to the extent that a letter is deemed filed. So ordered.
/s/ P. Kevin Castel
USDJ 6-22-07

June 20, 2007

**Via U.S. Mail**
Honorable P. Kevin Castel
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007
Tel: (212) 805-0262

RECEIVED
JUN 22 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

Re: *Nippon Express U.S.A. (Illinois), Inc. v. M/V Chiang Jiang Bridge*
Case No: 06 Civ. 694 (PKC)
Our File: 1412.37

Dear Judge Castel:

We represent Plaintiff Nippon Express U.S.A. (Illinois), Inc. in connection with the referenced cargo damage matter.

I write now to request permission to submit this letter as a sur-reply on the pending motion to dismiss to respond to certain authorities raised for the first time by Yang Ming in reply.

### PROPOSED SUR – REPLY MEMORANDUM
### CONCERNING NEWLY RAISED AUTHORITIES

Should the Court wish to consider it, we would respectfully point out to the court that the Second Circuit case newly cited by Yang Ming, *Nippon Fire & Marine Ins. Co. Ltd. v. Skyway Freight Systems, Inc.*, 235 F. 3d 53, 60 (2d Cir. 2000), actually strongly supports our position herein holding that a party whilst it is acting as a warehousemen in the midst of a longer cargo movement is indeed also acting as a carrier. The same should thus be said of TransBay Terminal, i.e. that as a terminal it is also at the same time a "carrier" because it engaged in "carriage" within the clear meaning of this bill of lading's definition of carriage. A case even more closely on point is *The Nippon Fire & Marine Ins. Co. v. M.V. Tourcoing*, 979 F.Supp. 206, 212 (S.D.N.Y. 1997), *aff'd* 167 F.3d 99 (2d Cir. 1999). In that case, the stevedore wanted to be part of the carriage contract. The Court accepted that argument, and expressly held that the work of a stevedore comes within the definition of "part of [the] Carriage" of goods. To now rule that a

stevedore is not engaged in the "carriage" of goods would create a clear inconsistency in the law.[1]

As concerns Yang Ming's other new attempt to define a "carrier," under Black's Law Dictionary, the cases interpreting that treatise hold that "a carrier is an individual or organization engaged in transporting passengers or goods for hire." *Those Certain Underwriters at Lloyd's Subscribing to Policy Number 25693JB,* 932 F.Supp. 1444, 1448 (S.D.Fla.,1996) (citing *Black's Law Dictionary* 214 (6th ed. 1990)); *Adelman v. Hub City Los Angeles Terminal, Inc.,* 856 F.Supp. 1544, Fn. 2 (N.D.Ala., 1994) (citing *Black's Law Dictionary* 214 (Deluxe 6th ed. 1991)); *Black's Law Dictionary 205* (7th ed., 1999) ("carrier. 1. An individual or organization (such as a railroad or an airline) that transports passengers or goods for a fee.")

Clearly, a terminal operator "transports" goods. This is confirmed in the seminal federal statute on domestic transportation, the Carmack Amendment, which defines "transportation" as follows:

> **(23)Transportation.**—The term "transportation includes--
> **(A)** a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
> **(B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit,** refrigeration, icing, ventilation, **storage, handling,** packing, unpacking, **and interchange of passengers and property.** 49 U.S.C. §13102 (23) (emphisis added).

At the end of the day, if experienced maritime lawyers need Black's Law Dictionary to try to understand what the term "Underlying Carrier" means, it has to at least be considered ambiguous to non-lawyers (likely reading in Japan).

Should the Court consider it useful, Plaintiff respectfully requests oral argument on this motion.

We thank the Court for its kind consideration.

Respectfully submitted
David T. Maloof

cc: **Via Facsimile- 212-344-7285**
Paul M. Keane, Esq.
Chicanowicz Callan Keane Vengrow & Textor
*Attorneys for Defendant*

---

[1] The Court may note that we were counsel in both of these two cases, but that is hardly surprising since we are among the leading cargo counsel in the country, with many decisions (mostly winning!) to our credit.

2