UNITED STATES DISTRICT COURT         06 Civ. 0694 (PKC)

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPON EXPRESS U.S.A. (ILLINOIS), INC.,<br>            Plaintiff,<br>      - against -<br>M/V CHIANG JIANG BRIDGE et ano.,<br>            Defendants. | DEFENDANT, YANGMING MARINE TRANSPORT CORP.'S REJOINDER MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS AGAINST IT ON GROUND OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION AGREEMENT |

INTRODUCTION

This rejoinder memorandum of law [1] is submitted by permission of the Court on behalf of defendant, YANGMING MARINE TRANSPORT CORP., in support of its motion to dismiss the claims against it on the ground of a mandatory and exclusive forum selection agreement.

ARGUMENT

1.      The *Skyway* decision does not help plaintiff in this case, where whatever intra-terminal movement the stevedore performed was incidental to its stevedoring duties. *Compare,* 235 F.3d at 60 *with Pltff's Sur-Reply Letter, p. 1 (06/20/07).* Here is exactly what the *Skyway* Court said (citation omitted):

> Moreover, the fact that an air carrier temporarily may have stored the goods does not render the carrier a warehouseman, subject to common law warehouseman's

---

1   Our best guess is that the stages of motion briefing beyond the sur-reply would be: (1) rejoinder, (2) surrejoinder, (3) rebutter, and (4) surrebutter. See, Moffit, "Pleadings in the Age of Settlement," 80 INLJ 727, 758 (2005). By the grace of God, the briefing of this motion will end with our rebutter.

1

duties, so long as the storage was only temporary and incidental to the primary goal of interstate shipment.

2. Plaintiff reasons that because terminal operators are involved in the transportation of goods, they must be "carriers." *Id. at pp. 1 – 2*. By that reasoning, a law firm's paralegals, secretaries, and bookkeepers must be attorneys if they do things that are part of the practice of law – e.g., legal research, drafting of pleadings and papers, review of privileged documents, being privy to confidential client communications, and managing escrow accounts

3. The Carmack Amendment, cited by plaintiff [*id. at p. 2*], does not say that terminal operators are carriers - only that they provide facilities or services "*related*" to the movement of passengers and goods. *Id. at p. 2 citing* 49 U.S.C. 13102(23).

4. Actually, the Carmack Amendment has its own definition of "carrier," and stevedores do not qualify. See, 49 U.S.C. 13102(3) ("The term 'carrier' means a motor carrier, a water carrier, and a freight forwarder.") and 49 U.S.C. 13103(8, 14, 26).

5. The district court decision in *Tourcoing* [*id. at pp. 1 – 2*] does not say that the contract therein defined stevedores as carriers. It says that stevedores are *not* carriers, but the contract gave the stevedore the benefit of the carrier's liability limitation. 979 F.Supp. at 212.

CONCLUSION

The motion should be granted.

| | | |
|---|---|---|
| Dated: | New York, NY<br><br>July 5, 2007 | *Respectfully submitted,*<br>CICHANOWICZ CALLAN KEANE VENGROW<br>& TEXTOR, LLP, 61 Broadway, Ste. 3000<br>New York, NY 10006 – Tel. 212-344-7042<br>By: /s/_____Paul M. Keane_____<br>        Paul M. Keane [PK-5934]<br>Attorneys for Defendant,<br>YANGMING MARINE TRANSPORT CORP. |