LAW OFFICES OF
# CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 BROADWAY, SUITE 3000
NEW YORK, N.Y. 10006-2802

PAUL M. KEANE
STEPHEN H. VENGROW¹
JAMES M. TEXTOR*
JOSEPH F. DE MAY, JR.
RANDOLPH H. DONATELLI#
PATRICK MICHAEL DECHARLES II‡

JESSICA A. DE VIVO°
IRENE M. ZANETOS°

¹ALSO ADMITTED TO DISTRICT OF
 COLUMBIA, MAINE & NEW JERSEY
*ALSO ADMITTED TO PENNSYLVANIA
#ALSO ADMITTED TO GEORGIA
‡ALSO ADMITTED TO NEW JERSEY & TEXAS
°ALSO ADMITTED TO NEW JERSEY

TELEPHONE: (212) 344-7042
TELEFAX: (212) 344-7285
TELEFAX: (212) 344-3988

NEW JERSEY OFFICE
75 MONTGOMERY STREET, SUITE 200
JERSEY CITY, NJ 07302
(201) 209-0960

A.J. MARINO
OF COUNSEL

BYRON KING CALLAN
(1914 - 1992)
VICTOR S. CICHANOWICZ
(1918 - 1989)

November 20, 2007

**BY HAND**

Honorable P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

    Re:    Nippon Express USA (Illinois), Inc. v.
             CHIANG JIANG BRIDGE
             06 CIV 694 (PKC) (S.D.N.Y.)
             <u>Our Ref. No.: 8740/PMK</u>

Honorable Sir:

      We are the attorneys for defendant, YANGMING MARINE TRANSPORT CORP., in the above captioned action.

      It is with great embarrassment that we must report a problem with respect to defendant's forum motion now pending before the Court. Plaintiff based its opposition to that motion, in part, on a terminal agreement produced by defendant, YANGMING. We have just learned that our client inadvertently sent us the wrong agreement – a mistake we did not discover until yesterday. Apparently, YANGMING had two terminal agreements for the Port of Oakland, one for cargo carried on YANGMING's own vessels, and one for cargo carried on the vessels of another carrier, K Line. The shipment in question was carried on a K Line vessel but unfortunately, we were sent the agreement for the terminal which handles YANGMING vessels.

      We have now been shown a copy of the correct terminal agreement and are awaiting a second confirmation that it is indeed the one that the parties should be looking to. There does not appear to be any substantive difference between the two in respect of the clauses plaintiff relied upon in its opposition papers.

Honorable P. Kevin Castel                                          November 20, 2007
CHIANG JIANG BRIDGE                                                Page 2

      Nevertheless, we do not object to plaintiff submitting a supplemental opposing memorandum if its counsel believes anything beyond a change in citations to the clauses of the correct agreement needs to be made. If that is the case, we respectfully that defendant be allowed a supplemental reply brief.

      We apologize to the Court as we have apologized to opposing counsel for the mistake.

                            Respectfully,

                            CICHANOWICZ, CALLAN, KEANE,
                            VENGROW & TEXTOR, LLP

                            Paul M. Keane

PMK/mc

Cc:    David Maloof, Esq., Maloof Browne & Eagan LLC
        By email to:  Dmaloof@maloofandbrowne.com