UNITED STATES DISTRICT COURT   06 Civ. 0694 (PKC)

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPON EXPRESS U.S.A. (ILLINOIS), INC.,<br><br>        Plaintiff,<br><br> - against -<br><br>M/V CHIANG JIANG BRIDGE et ano.,<br><br>        Defendants. | DEFENDANT, YANGMING MARINE TRANSPORT CORP.'S ATTORNEY'S DECLARATION IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS AGAINST IT ON GROUND OF A MANDATORY AND EXCLUSIVE FOREIGN FORUM SELECTION AGREEMENT |

PAUL M. KEANE declares that the following statement is true under the penalties of perjury:

1.  I am an attorney-at-law admitted to practice before this Court and a member of the firm of Cichanowicz Callan Keane Vengrow & Textor, LLP, attorneys for defendant, YANGMING MARINE TRANSPORT CORP. ("YML"), in the above captioned matter.

2.  This declaration is submitted in compliance with the Court's endorsed order of November 19, 2007 directing the undersigned to "file with the Court an affidavit attesting to their production in the cause of discovery of the contract with a California Terminal during the applicable time frame." I apologize for the one day lateness of this declaration. I had mistakenly thought that my letters to the Court dated November 20 and 29, 2007 complied with the order and did not realize until re-reviewing everything today it they may not have.

3.  This matter involves the production by YML of an incorrect terminal agreement which plaintiff used back in May of this year to oppose a forum dismissal motion made by YML which is now pending. The undersigned did not realize until last November 19th of this year that

YML had produced the wrong terminal agreement. The correct terminal agreement was produced to plaintiff's counsel that next day.

4.    The incorrect terminal agreement was *not* produced pursuant to Rule 34 or Court order. To the contrary, at the initial pretrial conference held on May 11, 2007, the Court stayed discovery pending adjudication of YML's motion to dismiss the case based on a London forum selection provision in the applicable contract.

5.    On May 29, 2007 - after the conference, but prior to filing its opposition papers - plaintiff sent an email to us asking for production of the applicable terminal agreement for use in opposing the motion. Despite the Court ordered stay of discovery and despite the fact that plaintiff had not raised any issue in respect of its pre-motion position letter, we honored counsel's request both as a courtesy to him and to avoid the Court having to be bothered with this. I emailed the terminal agreement to plaintiff's counsel 2 days after his request on May 31, 2007.

6.    In order to produce those documents to plaintiff, I had to obtain them from my client, YML, which I did. At the time I received them, I did not realize that the terminal agreement was the wrong one. As soon as the problem was brought to my attention by counsel for plaintiff and for the nonparty terminal, I obtained and forwarded the correct agreement.

7.    I have reviewed the arguments made by plaintiff in its opposing papers last May and in that context, I do not see that the correct terminal agreement varies in any relevant way from the one incorrectly produced last May except that the correct one requires arbitration in Los Angeles while the incorrect one requires arbitration in San Francisco.

Dated:        New York, NY, December 4, 2007

/s/    _____Paul M. Keane_____

PAUL M. KEANE [PMK-5934]